UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20779-CIV-MOORE/LOUIS

JOSE FIGUEROA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

MAMA'S ON WHEELS, LLC, a
Florida Limited Liability
Company, and BOJA
FABREGAS, Individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT

Plaintiff, JOSE FIGUEROA (hereinafter "Plaintiff"), and Defendants, MAMA'S ON WHEELS, LLC. and BORJA FABREGAS (hereinafter "Defendants"), by and through undersigned counsel and pursuant to the Court's February 25, 2021 Notice of Court Practice in Fair Labor Standards Act Cases, D.E. #4, hereby jointly request that this Court approve the parties Confidential Settlement, Release and Non-Disclosure Agreement (hereinafter "Agreement") which is attached hereto for review by the Court, and in support thereof, state as follows:

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 *et. seq*. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims

1

under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues of fact and law. In this regard, although Defendants deny Plaintiff's allegations and dispute their liability for any of the unpaid overtime wages alleged by Plaintiff, Defendants have ultimately agreed to a compromise resolution in this matter.

II.   **Procedural Overview and Factual History**

1.   On February 25, 2021, Plaintiff filed his Complaint in this case alleging overtime

violations under the Fair Labor Standards Act.

2.     As set forth in the Complaint, as well as Plaintiff's Statement & Amended Statement of Claim subsequently filed on March 10, 2021, Plaintiff alleged that during the three (3) year statute of limitations period between approximately February 2018 and September 2020, Plaintiff performed non-exempt duties as an hourly employee for Defendants' food service and catering business, with Plaintiff's primary job duties consisting of: (a) making deliveries for Defendants as a food delivery driver; and (b) working as both a busser and server at Defendants' customers events such as weddings, birthday parties, and corporate events.  In this regard, Plaintiff alleged that throughout his employment, he regularly worked as many as seven (7) days per week for Defendants with start times as early as approximately 6:00 a.m. and stop times that ranged between approximately 7:00 p.m. and 3:00 a.m., regularly working an average of approximately Sixty (60) hours per week but was paid based upon the hourly rate of $12.00 per hour delivery work and $20.00 per hour for bussing/serving work at customer events, without time and one-half wages of Plaintiff's applicable regular rates of pay.  As a result, Plaintiff's good faith estimate of unpaid overtime based upon Plaintiff being owed approximately $6.00 per hour for an average of approximately Twenty (20) overtime hours per week during a total of approximately One Hundred and Thirty (130) work weeks between February 2018 and September 2020 was approximately $15,600.00 [$6.00/hour x 20 OT hours/week x 130 weeks = $15,600.00], unliquidated.

3.     Defendants have at all times throughout this case denied Plaintiff's allegations and dispute the validity and extent of Plaintiff's claims.

4.     Nonetheless, between March 2021 and May 2021, Defendants' Counsel and Plaintiff's Counsel exchanged information and reviewed records from Plaintiff's employment while the parties engaged in good faith settlement discussions.  Although denying all liability, Defendants maintained that there was a maximum of only Forty-Six (46) weeks within the FLSA's two (2) year statute of

3

limitations period between late February 2019 and September 2020 in which Plaintiff's actual hours worked could have been in excess of Forty (40) hours per week. Defendants further maintained that, even if a violation was found, which they deny, Plaintiff could not establish a *willful* violation of the FLSA to trigger either an entitlement to liquidated damages or the application of the third (3rd) year of the FLSA's limitations period in this case because, *inter alia*, Defendants had legitimate defenses to Plaintiff's claims and a reasonable basis for their compensation practices given that Plaintiff was performing two (2) different jobs for which he was paid at differing regular rates of pay, *see Souryavong v. Lackawanna*, 872 F3d. 122 (3rd Cir. 2017), and the additional compensation Defendants paid Plaintiff was mostly for weekend and evening work which was designed to reward and incentivize Plaintiff for his work performed during this evening and weekend times. Accordingly, notwithstanding their denial of liability, Defendants argued that the theoretical maximum recovery for Plaintiff based upon his allegations was a fraction of his demand. Further, Defendants maintained that there were many weeks in which Plaintiff did not work a full Forty (40) hours, especially after March 2020 once the COVID-19 pandemic began—and severely impacted Defendants' business.

5. Despite the parties' factual and legal disagreements, and notwithstanding Defendants denying any wrongdoing under the FLSA, the parties have reached a compromise settlement in advance of Defendants formally being served with the Complaint, with all terms of the parties' settlement memorialized in the Confidential Settlement, Release and Non-Disclosure Agreement being filed with the Court for review and approval.

6. Plaintiff and Defendants advise the Court that the settlement reached between them represents a fair and reasonable resolution of disputed claims as part of which Plaintiff is receiving a total of $12,250.00 before taxes and the terms of the parties' settlement are acceptable to both Plaintiff and Defendants.

7. In addition to the consideration to be paid by Defendants to Plaintiff for his underlying FLSA claims, Defendants have also agreed to pay $5,500.00 to resolve Plaintiff's claims for attorneys' fees along with $1,000.00 for costs, which amounts were authorized by Plaintiff separately from Plaintiff's attorneys' fees or costs and without regard to the consideration being paid to settle Plaintiff's claims for alleged overtime wages and liquidated damages. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g.*, *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1227-1228 (M.D. Fla. 2009). Here, while Plaintiff's attorneys' fee time in this case totaled $8,190.00 as set forth in the Declaration of Plaintiff's Counsel, Keith M. Stern, Esquire, from 18.20 hours of Plaintiff's Counsel's time at the rate of $450.00/hour [18.20 hours x $450/hour = $8,190.00], see Stern. Decl. ¶ 4, along with costs of $1,000.00 from the filing fee and repeated attempts to effect service of process upon Defendants, the compromise to resolve Plaintiff's attorneys' fee claim ensures Plaintiff has no out-of-pocket expense for either fees or costs, which resolution is also fair and reasonable consistent with *Lynn's Food Stores*.

8. Based upon the facts and circumstances of this case, the parties jointly advise the Court that the compromise amounts Defendant has agreed to pay under the terms of the parties' Settlement Agreement is a fair and reasonable settlement of a bona fide dispute. The parties therefore respectfully submit that the parties' settlement should be approved by the Court consistent with *Lynn's Food*, 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the settlement. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, Plaintiff, JOSE FIGUEROA, and Defendants, MAMA'S ON WHEELS, LLC. and BORJA FABREGAS jointly request the Court approve the parties' Settlement Agreement, dismiss this action with prejudice, and retain jurisdiction to enforce the terms of the Agreement.

Respectfully submitted this 24th day of May 2021.

| | |
|---|---|
| */s/York M. Flik* | */s/Keith M. Stern* |
| York M. Flik, Esq. | Keith Michael Stern, Esq. |
| Florida Bar No. 101109 | Florida Bar No.: 321000 |
| yflik@anblaw.com | employlaw@keithstern.com |
| **ALLEN NORTON & BLUE** | **LAW OFFICE OF KEITH M. STERN, P.A.** |
| 121 Majorca Avenue | 80 S.W. 8th Street, Suite 2000 |
| Coral Gables, Florida 33134 | Miami, Florida 33130 |
| Telephone No.: (305) 445-7801 | Telephone No.: (305) 901-1379 |
| | |
| *Counsel for Defendants* | *Counsel for Plaintiff* |