# CONFIDENTIAL SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Jose Figueroa (hereinafter "Plaintiff"), Borja Fabregas and Mama's on Wheels, LLC (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities) (hereinafter collectively referred to as "Defendants").

W I T N E S S E T H:

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court, Southern District of Florida, to which case number 21-CV-20779 was assigned (hereinafter referred to as the "Civil Action"), and in which Plaintiff alleges a claim under the Fair Labor Standards Act.

WHEREAS, Defendants deny Plaintiff's claims;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims, and contentions between them, including payment of Plaintiff's alleged overtime and liquidated damages claim; and

WHEREAS, Plaintiff acknowledges that any payment received pursuant to this Agreement constitutes consideration which he would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person,

and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2. Plaintiff agrees that he shall take all necessary actions to execute, serve and file all documents and pleadings necessary to facilitate the dismissal of the Civil Action with Prejudice upon approval by the Court of this Settlement Agreement.

3. In full settlement of all claims including attorney's fees and costs, Defendants agree to pay Plaintiff the total sum of Eighteen Thousand Seven Hundred and Fifty Dollars and No Cents ($18,750.00) as follows:

   a. a check in the amount of Six Thousand One Hundred Twenty-Five Dollars and No Cents ($6,125.00), less payroll withholdings, will be made payable to Jose Figueroa representing wages for which a W-2 will issue.

   b. a check in the amount of Six Thousand One Hundred Twenty-Five Dollars and No Cents ($6,125.00) will be made payable to Jose Figueroa as an equal amount in liquidated damages for which a 1099 will issue.

   c. a check in the amount of Six Thousand Five Hundred Dollars and No Cents ($6,500.00) will be made payable to Keith M. Stern, P.A. This sum is allocated as payment made in settlement of Plaintiff's claims for $5,500.00 for attorney's fees and $1,000.00 for costs in the Civil Action.

4. Within 15 calendar days following court approval and dismissal of the Civil Action with prejudice, Defendants shall forward the sums in paragraphs (a) – (c), above, to Counsel for Plaintiff. The Parties agree that it is the responsibility of Plaintiff's counsel to remit and disburse all sums owed to Plaintiff under the terms of this Agreement.

5. Plaintiff agrees that other than Defendants remitting the tax withholdings for the payment under Section 3(a) of this Agreement and making payment of the employer portion of the taxes on the payment under Section 3(a), he is liable and fully responsible for payment of any and all taxes normally and customarily paid in association with such payment, including any penalties, interest or other costs attributable to the late payment of such taxes. Plaintiff agrees that he will otherwise indemnify and hold Defendants harmless from any tax liability normally and customarily paid by the Employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the Employee are due for the sums paid pursuant to this Agreement.

6. Plaintiff represents and agrees that upon the payment of the sums in Paragraph 3 he is not entitled to any other monies for alleged overtime wages, liquidated damages, salary, wages, commissions, employee benefits, or further compensation from Defendants and that the payments made to him under this Agreement serve as good and valuable consideration for the release of all claims described in Paragraph 8. Additionally, Plaintiff expressly disavows any other entitlement to any additional back pay, liquidated

damages, and/or attorney's fees. Further, Plaintiff has disclosed all of his time to Defendants to ensure that all wages he claimed to be owed were identified, as expressly set forth in Plaintiff's Statement of Claim filed in the Civil Action. Plaintiff does not have any contrary records of hours worked or monies owed and the representations made herein are made to the best of his recollection.

7. It is expressly understood by Plaintiff and his attorney that the obligations of Defendants contained in Paragraph 3 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or his attorney are now, or may become, entitled to, based upon any claim whatsoever arising out of his employment with Defendants or otherwise (including special, general or exemplary damages, attorney's fees, interest, expenses, and costs actually incurred).

8. Plaintiff agrees that he is waiving all rights to employment or to be considered for employment as an employee, temporary employee, independent contractor, consultant, or in any other capacity with Defendants. The Parties agree and further acknowledge that Plaintiff is not waiving claims or rights arising after the execution of this Agreement but that Plaintiff has contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim that Plaintiff may have should Plaintiff apply for employment with Defendants in the future and not be hired.

9. Upon request from a prospective employer, Borja Febregas agrees to provide the prospective employer, a neutral reference on Plaintiff stating Plaintiff's dates of employment, last position held, and final rate of pay.

10. Plaintiff warrants that he has not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to his attorney(s) and accountant(s); (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for Defendants telephonically, and confirmed immediately thereafter in writing so that Defendants will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

11. Plaintiff further agrees that he will engage in no conduct which is either intended to or could reasonably be expected to harm Defendants and further agrees that he will not take any action, legal or otherwise, which might embarrass, harass or adversely affect Defendants or which might in any way work to their detriment, whether directly or indirectly. In particular and by way of illustration not limitation, Plaintiff agrees that he will not directly or indirectly contact the press or media, any federal, state, or local governmental agency, officers, managers or employees, customers or any entity that has

a business relationship with Defendants, in order to disparage the good morale or business reputation of Defendants or any of its employees.

12. The Parties further agree that in the event that Plaintiff violates the confidentiality and non-disparagement provisions of Sections 10 or 11 above, Defendants shall be entitled to the following from the violating Plaintiff:

   a. Any and all actual damages, including compensatory damages suffered;

   b. Liquidated damages in the amount of $2,500.00 per violation; and

   c. The agreement by Plaintiff to the entry of a Restraining Order/Injunction.

13. The foregoing agreement not to disclose shall be binding on Plaintiff, his spouse(s), family members, attorney(s), and accountant(s), and Plaintiff shall instruct his spouse(s), family members, attorney(s) and accountant(s) of this provision. Plaintiff's signature hereto also indicates his agreement that this non-disclosure and non-disparagement provision is a material element of this Agreement and is a part of the consideration for Plaintiff and Defendants entering into this Agreement.  No action of Defendants shall be taken as a waiver of its right to insist that Plaintiff abide by the non-disclosure and non-disparagement terms of this Agreement.

14. The Parties further acknowledge that if Plaintiff is asked about the Civil Action, he may only respond that the "matter was amicably resolved," or that the "matter has been settled to the Parties' mutual satisfaction," or other words to that effect.  The Plaintiff acknowledges and agrees that under this paragraph he is specifically prohibited from <u>initiating</u> any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the institution of the Civil Action against Defendants or the underlying facts in the matter.

15. Plaintiff hereby unconditionally and irrevocably releases and forever discharges Defendants, and all of Defendants' employees, officers, attorneys, and agents, in their official and individual capacities, both past and present, of and from, and agrees not to sue and not to assert against them any causes of action, claims and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state and federal governments, arising, alleged to have arisen, or which might have been alleged to have arisen, or which may arise under the U.S. Constitution or the Florida Constitution, or any law including, but not limited to, federal, state or municipal anti-discrimination, anti-harassment or anti-retaliation laws, such as Title VII of the Civil Rights Act of 1964, as amended in 1972, 1991, the Florida Civil Rights Act, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Florida Whistleblower's Act, the Fair Labor Standards Act, the Equal Pay Act, Chapter 448, Florida Statutes, Section 440.205, Florida Statutes, Article X, Sec. 24 of the Florida Constitution, Chapter 11A of the Miami-Dade County Code, the Families First Corona Virus response Act, the Cares Act, and statutes and laws of contract and torts that Plaintiff on behalf of himself and on behalf of persons similarly

situated, ever had, now has or which Plaintiff's heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, to the effective date of this Agreement.

16. Plaintiff waives the rights and claims set forth above, and agrees not to institute, or have instituted, any other lawsuit against Defendants based on any such claims or rights. Plaintiff specifically acknowledges that this Agreement releases Defendants from liability for any alleged discrimination or retaliation that is or could be the subject matter of any charge Plaintiff has filed, or may subsequently file, against Defendants with the U.S. Equal Employment Opportunity Commission, Florida Commission on Human Relations, or any other agency. Plaintiff further acknowledges and agrees that, with respect to the rights and claims he is waiving, he is waiving not only his right to recover in any action he might commence, but also his right to recover in any action brought on his behalf by any other party, including, but not limited to, the U.S. Equal Employment Opportunity Commission, Florida Commission on Human Relations, or any other federal, state or local governmental agency or department.

17. In exchange for the consideration in this Agreement from Plaintiff, Mama's on Wheels, LLC and Borja Fabregas hereby release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that they once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to them from the beginning of the world to the effective date of this Agreement.

18. Defendant Mama's on Wheels agrees to refer any prospective employer seeking a reference on Plaintiff to Borja Fabregas and that Borja Fabregas will respond in accordance with Paragraph 9 herein.

19. The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff specifically acknowledges that he is represented by counsel in this matter, who has reviewed this Agreement with them prior to its execution.

20. This Agreement constitutes the final and binding Agreement among the Parties and may not be supplemented or changed without the express written consent of both Parties. All prior representations regarding this Agreement are hereby expressly disclaimed by both Parties. The Parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the Parties or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

21. Any breach of any term, provision, or obligation of this Agreement by any Party, shall entitle the other to seek enforcement of such term, provision or obligation in

a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The proper and only venue for any action, based upon any alleged breach of any term, provision or obligation of this Agreement, shall be in the United States District Court for the Southern District of Florida.

22. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

23. Upon execution of this Agreement by all Parties, the Parties shall file with the Court a Joint Motion to Approve this Agreement and Dismiss this Civil Action with Prejudice. The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in Paragraph 3 is contingent upon the Court's approval of the Agreement and entry of an Order Dismissing the Civil Action with Prejudice.

24. The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed. A facsimile or e-mailed signature shall be deemed to be an original.

May 19, 2021
Date

_jose d figueroa (May 19, 2021 20:34 EDT)_
Plaintiff, Jose Figueroa

05/21/2021
Date

Borja Fabregas

05/21/2021
Date

Mama's On Wheels, LLC

By: _BORJA FABREGAS_
(Print Name)

SPDN-868764429-2215005

6

# Mamas On Wheels Figueroa Settlement Agreement - CONFIDENTIAL

Final Audit Report            2021-05-20

| | |
|---|---|
| Created: | 2021-05-20 |
| By: | Keith Stern (employlaw@keithstern.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAG92MNhRclrhnjbO7BzDooTyuKuCesf3y |

## "Mamas On Wheels Figueroa Settlement Agreement - CONFIDENTIAL" History

- Document created by Keith Stern (employlaw@keithstern.com)
  2021-05-20 - 0:19:58 AM GMT- IP address: 73.199.127.87

- Document emailed to jose d figueroa (josedfigueroagutierrez@gmail.com) for signature
  2021-05-20 - 0:20:30 AM GMT

- Email viewed by jose d figueroa (josedfigueroagutierrez@gmail.com)
  2021-05-20 - 0:23:14 AM GMT- IP address: 66.102.8.65

- Document e-signed by jose d figueroa (josedfigueroagutierrez@gmail.com)
  Signature Date: 2021-05-20 - 0:34:48 AM GMT - Time Source: server- IP address: 65.34.157.51

- Agreement completed.
  2021-05-20 - 0:34:48 AM GMT

